**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GREEN TOWNSHIP BOARD OF TRUSTEES | CIVIL ACTION NO: 1:07cv958 |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al. | |
| Defendants. | |

## ORDER

This matter is before the Court pursuant to Defendant's motion dismiss this matter (Doc. 22) pursuant to Rule 12(b)(6). Plaintiff filed a memorandum in opposition (Doc. 27) to which Defendant's replied (Doc. 28). This matter is now ripe for review. For the reasons that follow, Defendant's motion to dismiss is DENIED.

I.  Background

Plaintiff filed an amended complaint (Doc. 14) on February 22, 2008 against National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), American International Group Technical Services, Inc. ("American") and AIG Domestic Claims, Inc. ("AIG") alleging breach of contract and breach of fiduciary duty and requesting declaratory judgment.

Plaintiff alleges that the Defendants failed to provide insurance coverage, including the cost of defense, in a EEOC action and a subsequent lawsuit filed by a Green Township firefighter, Steven Claytor, against Green Township, the Board of Trustees of Green

Township and the Green Township Fire Department (Case No. 1:05cv142)[1]. Mr. Claytor alleged discrimination and retaliation. Plaintiff contracted with Defendant National Union, on or about August 20, 2003, to provide a Public Officials and Employees Liability Insurance Policy. Doc. 14, ¶7. On or about February 13, 2004, Plaintiff alerted Defendant, via Mr. Michael Murphy at Murphy Insurance Agency, of the claims asserted by Mr. Claytor and requesting coverage. Id., ¶10. Plaintiff alleges that coverage exists under the policy. Id., ¶8. On April 21, 2004 AIG Technical Services, Inc. (who refers to itself as American in the body of the letter) sent a letter to Plaintiff advising them that there was no coverage under the policy due to the exclusion found in Endorsement #2, Exclusion (n). Exclusion (n) states that "this policy does not apply to any Damages or Claims: (n) [a]rising out of the operation of or activities of any ... fire fighting authorities...". Id. ¶11. Based upon the denial of coverage, Plaintiff undertook its defense at its own expense. Id. ¶12.

Plaintiff disagrees with Defendants' interpretation of the policy for several reasons, including, but not necessarily limited to: (1) that the Green Township Fire Department was not a separate legal entity and thus Mr. Claytor was employed by the Township; (2) that Kevin Celarek, Green Township Administrator, who Mr. Claytor made allegations against, is employed by the Township; and (3) that the policies and work rules which were applicable to firefighters arose out of the collective bargaining agreement and work rules issued and applicable to Green Township as a whole. Id., ¶¶ 14 - 17.

On August 4, 2005, Plaintiff, through counsel, again wrote to Defendants confirming their denial of coverage. Id., ¶18. Plaintiff asserts that it was its intent when purchasing the

---

[1]This case was also before this Court.

insurance policy to include employment related practices. Id., ¶19. Defendant AIG responded to Plaintiff's August 4th letter by confirming its denial of coverage. Id.., ¶20. Plaintiff continued to provide its own defense and eventually the matter with Mr. Claytor was resolved. Id., ¶21.

    II.    Standard of Review

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." *Id*. at 1969. *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

III. Legal Analysis

Defendants argue that they are entitled to have this matter dismissed because Mr. Claytor's claims are excluded under the insurance policy. Defendants argue that the policy itself and Ohio law give broad meaning to "arising out of". As set forth above, the relevant exclusions states the following:

This policy does not apply to any Damages or Claim:

(n) Arising Out Of the operation of or activities of any schools, airports, transit authorities, hospitals, clinics, nursing homes or other health care operations, utilities, housing authorities, jails or detention facilities, law enforcement agencies or fire fighting authorities unless specifically included in Item 6 of the Declarations or by endorsement attached.

It is the position of the Defendants that the claims brought by Mr. Claytor arise from the treatment he received from the fire department and specifically the Fire Chief and Assistant Fire Chief and, thus, "arise out of the operation of or activities" of the Green Township Fire Department. Defendants further argue that any acts alleged to have been done by Mr. Celarek stem from the acts of the fire department, the Fire Chief and Assistant Fire Chief.

Plaintiff counters that the policy does, in fact, provide coverage. Plaintiff argues that Mr. Claytor was employed by Green Township, a fact that Mr. Claytor admitted in the underlying litigation, that he brought claims against the Township and the Trustees, and that he alleged wrongdoing by Mr. Celarek. Additionally, Plaintiff points to the policy language itself where in states:

In consideration of the payment of the premium, and in reliance upon the statements in the application and Declarations attached hereto and made a part hereof, and subject to the limits of liability stated in Item 3 of the

> Declarations and the terms, conditions and exclusions contained herein, the Company hereby agrees as follows:
>
> 1. To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages resulting from any Claim first made against the Insured during the Policy Period or the Discovery Period (if applicable) and reported to the Company pursuant to the terms of this policy for any Wrongful Act of the Insured in the performance of duties for the Public Entity.

See Doc. 14-2, p4, 14. "Wrongful Act" is defined to mean "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or Employment Practices Violation by an insured solely in performance of duties for the Public Entity. Doc. 14-5, p16. "Arising Out Of" is defined to mean "originating from, having its origin in, growing out of, flowing from, incident to having connection with, whether directly or indirectly." Id. "Employment Practice Violation(s)" is defined to mean "any actual or alleged: (3) discrimination, (including but not limited to discrimination based upon age, gender, race, color, national origin, religion, sexual orientation or preference, pregnancy or disability); (4) retaliation (including lockouts); (8) wrongful discipline; and (11) violation of an individual's civil rights relating to any of the above." Doc. 14-2, p16-17.

Additionally, the Court notes that the policy also includes an exclusion which applies to any claim alleging an Employment Practices Violation which states, "[t]his policy does not apply to any Damages or Claim: (s) Arising Out Of any obligation pursuant to any worker's compensation, disability benefits, unemployment compensation, unemployment insurance, retirement benefits, social security benefits or similar law; provided, however, this exclusion shall not apply to a Claim for Retaliation." Doc. 14-2, p20.

Both parties agree that insurance policies are contracts which are generally construed as a matter of law (Doc. 22, p9; Doc. 27, p9). Additionally, the insurance policy

is to be construed against the drafter only when the policy is ambiguous. *See Scott v. Allstate Indemnity Co.,* 417 F. Supp.2d 929, 932 (N.D. Ohio 2006); *American Financial Corp. v. Fireman's Fund Ins. Co.,* 15 Ohio St. 2d 171, 173 (1968). Defendants argue that there is no ambiguity while the Plaintiff argues that there is. It is unclear to the Court, and silent in the policy, who or what is meant by "firefighting authorities." It is reasonable for one to conclude that "the operation or activities of firefighting authorities" means the actual event of putting out a fire. It is not clear that this is or is not to include employment related activities, especially given the allegation that Green Township employed Mr. Claytor and that the township administrator made employment decisions that related to Mr. Claytor. Additionally, based upon the allegations set forth in the Amended Complaint, it is possible for Mr. Claytor to have a claim against Green Township and the Township Trustees separate and apart from his claim against the fire department. See *Lehrner v. Safeco Insurance/American States Ins. Co.,* 171 Ohio App. 3d 570, 582-583, 2007 Ohio 795, P40-43, *citing U.S. Fid & Guar. Co. v. St. Elizabeth Med. Ctr.* (1989) 129 Ohio App.3d 45.

    IV.    Conclusion

It is not clear from the face of the policy that employment issues are included in the "arising out of the operation of or activities of fire fighting authorities." Additionally, Mr. Claytor alleged claims against the Township and the Trustees that were separate and apart from the claims made against the Fire Department and its Chief and Assistant Chief which would be covered by the insurance policy. See Doc. 14, ¶¶13-17. Since at this stage in this litigation, the Court must take the allegations in the complaint as true and construe the complaint in the light most favorable to the Plaintiff, the Court finds Defendants' motion to

6

dismiss[2] to be without merit and is hereby DENIED.

**IT IS SO ORDERED**.

/s/ Michael R. Barrett
Michael R. Barrett, Judge
United States Court

---

[2]Additionally, Defendants, in their reply brief, assert that Plaintiff failed to address the claims against American and AIG.  However, based upon the denial letters, one sent by American and one sent by AIG, the Court declines to dismiss them as defendants at this time.  See Doc. 14-5 and 14-8.